UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

KIS SURETY BONDS, LLC    CASE NO: 9:19-cv-80358-DMM

    Plaintiff,

vs.

TALISMAN CASUALTY INSURANCE
COMPANY, LLC a Florida Limited
Liability Company, and TALISMAN
CASUALTY INSURANCE COMPANY
LLC, a Nevada Limited Liability Company

    Defendants.
_____/

**PLAINTIFF KIS SURETY BONDS LLC's**
**REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT, TO ADD AN ADDITIONAL PARTY DEFENDANT AND ALTERNATIVE MOTION TO VOLUNTARILY DISMISS, WITHOUT PREJUDICE, THE FEBRUARY 7, 2019 COMPLAINT, WITH CERTIFICATE OF GOOD FAITH CONFERENCE**

Plaintiff KIS SURETY BONDS, LLC ("KIS") hereby files this Reply to Defendant TALISMAN CASUALTY INSURANCE COMPANY, LLC's, a Nevada Limited Liability Company, ("Talisman Nevada") Response in Opposition to Plaintiff's Motion for Leave to File an Amended Complaint, to Add an Additional Party Defendant and Alternative Motion to Voluntarily Dismiss, without prejudice, and Memorandum of Law in Support Thereof ("Response in Opposition") [Dkt. 26], and states:

1. On August 20, 2019, the Plaintiff KIS filed its Motion for Leave to File an Amended Complaint, to Add an Additional Party Defendant and Alternative Motion to Voluntarily Dismiss, without prejudice, and Memorandum of Law in Support Thereof ("Motion for Leave to File an Amended Complaint") [Dkt. 21].

1

2. In its 19-page Response in Opposition the Defendant Talisman Nevada requests that this Honorable Court deny the relief requested by the Plaintiff KIS in the Motion for Leave to File an Amended Complaint. As the Plaintiff KIS will demonstrate herein, in its Response in Opposition, the Defendant Talisman Nevada has not only misapplied the law to be utilized by this Honorable Court in ruling on the Motion for Leave to File an Amended Complaint, but has also misstated many of the factual matters set forth in pleadings and other papers filed in this matter.

3. Within Section II of its Response in Opposition the Defendant Talisman Nevada wrongfully asserts that the Court should deny the Motion for Leave to File an Amended Complaint claiming that amending the Complaint would be futile.[1] This is inaccurate.

4. The Defendant Talisman Nevada's futility claim is premised upon the assertion that (i) the parties all agree and do not dispute that the Equity Agreement is an enforceable express contract that exists between the Plaintiff KIS and the Defendant Talisman Nevada and (ii) if an express contract between the parties exists an unjust enrichment count fails. [2] These assertions are incorrect because among other reasons KIS is not suing the Defendant Talisman Nevada on an enforceable express contract. KIS states that it was a victim of a fraud by a new party Defendant sought to be added to the case, MARTIEN EERHART, who issued a Proof of Funds letter – which KIS believed to be proper, in part because KIS had the resources to support such a letter - which then led to KIS providing the Proof of Funds letter to Talisman Nevada. Defendant Talisman Nevada then used that POF Letter to obtain significant financial and other benefits.

5. In support of the Defendant Talisman Nevada's assertions set forth in paragraph 5 above the Defendant Talisman Nevada cites to the following case law:

---

[1] See pages 10 – 14 of the Response in Opposition. Talisman Nevada argues that the proposed Amended Complaint attached as Exhibit 2 to the Motion for Leave to File an Amended Complaint would be properly dismissed or immediately subject to summary judgment for the Defendant Talisman Nevada.

>   *Leader Glob. Sols., LLC* v. *Tradeco Infraestructura, S.A. DE C.V.*, 155 F. Supp. 3d 1310, 1319-20 (S.D. Fla. 2016) … *State Farm Mut. Auto. Ins. Co. v. Physicians Injury Care Ctr., Inc.*, 427 Fed.Appx 714, 722 (11th Cir. 2011), *Diamond "S" Dev. Corp. v. Mercantile Bank*, 989 So. 2d 696, 697 (Fla. 1st DCA 2008)…, *Rutt v. Anthem Health Plans, Inc. (In re Managed Care Litig.)*, No. 00-1334-MD- MORE, 2011 U.S. Dist. LEXIS 46877, at *60-62 (S.D. Fla. Mar. 31, 2011) ("an unjust enrichment claim can exist only if the subject matter of the claim is not covered by a valid, enforceable contract"); *PDF Foods, Ltd. Liab. Co. v. Naked Juice Co. of Glendora*, No. 07- 81217-CIV, 2008 U.S. Dist. LEXIS 126257, at *10-11 (S.D. Fla. Apr. 28, 2008)…

6.      Although citing this case laws set forth above the Defendant Talisman Nevada in its Response in Opposition fails to acknowledge or cite to applicable case law, as set forth in paragraph 7 below, which establishes that when ruling on the Motion for Leave to File an Amended Complaint it is not appropriate for this Court to determine whether the count for unjust enrichment set forth in the proposed amended complaint is subject to dismissal or a summary judgment in favor of the Defendant Talisman Nevada.

7.      For example, the Defendant Talisman Nevada failed to reference the case of *Sammy Sterling Holdings, LLC, v. United States Aircraft Insurance Group*, CASE NO. 16-CIV-21230, 2016 WL 8679131 (S.D. Fla. 2016) in its Response in Opposition. In *Sammy Sterling Holdings, LLC* the Court noted that while the general rule in Florida is a plaintiff cannot pursue an equitable remedy, such as unjust enrichment, "where an express contract exists concerning the same subject matter,"[3] a plaintiff may plead unjust enrichment when the alleged matter falls outside of the scope of the contract. 2016 WL

---

[2] See page 11 of the Response in Opposition.
[3] Citing, *Kovtan v. Frederiksen*, 449 So. 2d 1 (Fla. 2d DCA 1984).

8679131 at *2. *See also Wilson v. EverBank*, N.A., 77 F. Supp. 3d 1202, 1236 (S.D. Fla. 2015).

8. The "general rule [plaintiff cannot pursue quasi-contractual claims when an enforceable express contract exists] does not apply when the quasi-contractual claims concern matters which are outside the scope of the contract." *Sammy Sterling Holdings*, 2016 WL 8679131 at *2. *See also AutoNation, Inc. v. GAIN Systems, Inc.*, No. 08-61632-CIV, 2009 WL 1941279, at *4 (S.D. Fla. July 7, 2009).

9. Within the Response in Opposition the Defendant Talisman Nevada has completely ignored that within the proposed amended complaint the Plaintiff KIS's claim for unjust enrichment is not based upon the existence of an enforceable express contract between the Plaintiff KIS and the Defendant Talisman Nevada, or that an enforceable express contract exists between the Parties.

10. Further the claim for unjust enrichment set forth in the proposed amended complaint is outside the scope of the equity agreement. Within the proposed amended complaint, the Plaintiff KIS is asserting a claim for unjust enrichment based upon the allegations that it conferred a benefit upon Defendant Talisman Nevada that the Defendant accepted, used and from which it profited, without any remuneration or other consideration being paid to Plaintiff KIS for conferring that benefit.

11. Furthermore, Defendant's assertions set forth in Sections I & II of the Response in Opposition are premature. In *Baptist Hospital of Miami, Inc., et al., v. Medica Healthcare Plans, Inc.*, 385 F.Supp.3d 1289, 1293 (S.D. Fla. 2019), the Court stated that until an express contract is proven, a motion to dismiss a claim for unjust enrichment on these grounds is premature. *See also Sader v. Padron*, No. 1:18-CV-22891-UU, 2018 WL 7287159, at *5 n. 1 (S.D. Fla. Dec. 19, 2018) (quoting *Mobil Oil Corp. v. Dade County Esoil Mgmt. Co., Inc.*, 982 F. Supp. 873, 880 (S.D. Fla. 1997)). Clearly, the argument that the

Plaintiff KIS should not be allowed to amend the Complaint because the count for unjust enrichment is subject to dismissal is premature. At this stage, this Honorable Court should not make any determination that count for unjust enrichment set forth in the proposed amended complaint is subject to dismissal.

12. The Plaintiff KIS's count for unjust enrichment set forth in the proposed amended complaint is based on the allegations that KIS facilitated and paid for the POF letter, Exhibit C attached to the proposed amended complaint, which POF letter was used by the Defendant Talisman Nevada to maintain its licensure with the Nevada Department of Insurance. The fact that it turned out that, unbeknownst to Plaintiff KIS, the POF letter provided to KIS and then in turn provided to Talisman Nevada was fraudulent does not change the undisputed fact that the POF Letter was used by the Defendant Talisman Nevada.

13. In *Rockwood Specialties, LLC, v. Prime Investors & Developers, LLC, et. al.*, CASE NO. 16-23920-CIV, 2017 WL 7792607, at *4 (S.D. Fla. 2017), the Court noted that pursuant to Florida law, a plaintiff may plead alternative theories of breach of contract and quasi contract, such as unjust enrichment. *Id.* Even though the law does not permit a party to simultaneously prevail on an unjust enrichment theory and a contractual theory, it does not require the dismissal (at the motion to dismiss stage) of an unjust enrichment claim merely because an enforceable express contract exists that arguably governs the conduct complained of. Id.  (citing, *In re Checking Account Overdraft Litig.*, 694 F. Supp. 2d 1302, 1321 (S.D. Fla. 2010)). In fact, in *Rockwood Specialties*, the Court rejected the dismissal of the Count for unjust enrichment by noting that if it is possible that the claim for breach of contract fails the Plaintiff may still be entitled to recover under an unjust enrichment claim. 2017 WL 7792607, at *4 .

14. Within the Proposed Amended Complaint, the Plaintiff KIS is not seeking damages from the Defendant Talisman Nevada for Breach of the Equity Agreement. Despite its position within the Response in Opposition the Defendant Talisman Nevada has never agreed that the equity agreement was an enforceable contract upon which the

5

Plaintiff KIS could recover damages from the Defendant Talisman Nevada. Clearly the Plaintiff KIS does not have an adequate remedy at law against the Defendant Talisman based upon a claim for breach of the equity agreement. In fact, in its answer to the original complaint the Defendant Talisman Nevada denied that the Equity Agreement was an enforceable contract. *See* Defendant Talisman Nevada's Answer and Affirmative Defenses [Dkt. 3].

15. Within its Response in Opposition the Defendant Talisman Nevada also wrongfully asserts that because the POF letter was fraudulent no benefit was conferred on the Defendant. The above assertion of the Defendant Talisman Nevada, at the minimum, presents an issue of fact that is not ripe for resolution at this time. The Plaintiff KIS has alleged within the proposed amended complaint that the POF letter was used by the Defendant Talisman Nevada to maintain its licensure with the Nevada Department of Insurance. That fact alone evidences a benefit being conferred on the Defendant Talisman.

16. In Section III of the Response in Opposition the Defendant Talisman Nevada asserts that Mr. Eerhart should not be added as a party Defendant because Rule 20(a)(2), Fed. R. Civ. P. does not allow a fraud claim against Mr. Eerhart, as set forth in Count I of the proposed amended complaint, to be added to this litigation. The Defendant Talisman Nevada asserts that because the elements of the fraud claim against Mr. Eerhart and the unjust enrichment claim against the Defendant Talisman Nevada are distinct, joinder is not permitted under Rule 20(a)(2), Fed. R. Civ. P.

17. The Defendant Talisman Nevada's assertions set forth in paragraph 16 above are incorrect. In *Smith v. Trans–Siberian Orchestra, et al*, 728 F.Supp.2d 1315, 1319 (M.D. Fla. 2010) the Court noted that:

> Rule 20(a) imposes two requirements for joinder of parties. First, all claims against parties joined as defendants must regard or arise out of "the same transaction or occurrence, or series of transactions or occurrences." Second, there must be some question of law or fact

6

> common to all defendants that will arise in the action…. A logical relationship exists if the claims rest on the same set of facts or the facts, on which one claim rests, activate additional legal rights supporting the other claim. …

*Smith*, 728 F.Supp.2d at 1319.

18. The Plaintiff KIS would respectfully suggest that the claims against both Mr. Eerhart and Talisman Nevada, as set forth in the proposed amended complaint, have a logical relationship, and present common questions of law and/or fact. In particular, the Defendant Talisman's utilization of the POF letter as set forth in paragraphs 20, 34, 35, 38, 39, 40 and 41 of the proposed amended complaint, although fraudulent, raises questions of law and/or fact common to both KIS's claims against Mr. Eerhart and the Defendant Talisman Nevada. For example, the value of the benefit conferred on the Defendant Talisman Nevada through the utilization of the POF letter with the Nevada Department of Insurance has a logical relationship to the damages which the Plaintiff KIS could recover from Mr. Eerhart.

19. In Section 5 of the Response in Opposition the Defendant Talisman claims that the Motion for Leave to File an Amended Complaint should be denied because the Motion is untimely and the Plaintiff KIS cannot show good cause to allow the amendment after July 1, 2019, the time set forth in the May 1, 2019 Pretrial Scheduling Order and Order Referring Case to Mediation [Dkt. 10] for amending pleadings or joining additional parties. The Defendant Talisman Nevada asserts that the Plaintiff KIS should have filed the Motion for Leave to File an Amended Complaint prior to the deposition of the JP Morgan Chase Bank NA corporate representative on July 10, 2019.

20. The Defendant Talisman Nevada argument that the Motion for Leave to File an Amended Complaint is untimely relies upon the assertion that due to the position of the Defendant Talisman Nevada's counsel as set forth in a January 9, 2019 letter [Dkt. 21-1, pp. 11- 15] it should have been obvious to the Plaintiff KIS that the POF letter was fraudulent. The Defendant Talisman Nevada asserts that the Plaintiff KIS had an obligation to perform an in-depth investigation before July 1, 2019. The Defendant Talisman Nevada makes this argument as set forth on page 18 of the Response in Opposition without citation to any legal support or addressing the legal citations set forth in paragraphs 19, 20, 21 and 22 of the Motion for Leave to File an Amended Complaint, which legal citations support the granting of the relief requested in Motion for Leave to File an Amended Complaint.

21. Further, within its Response in Opposition the Defendant Talisman Nevada fails to address the factual matters set forth in paragraphs 9, 10, 11, 12 and 13 of the Motion for Leave to File an Amended Complaint, all of which establish that the Plaintiff KIS conducted a reasonable good faith investigation into the validity of the POF Letter, even taking into account the January 1, 2019 letter of counsel for the Defendant Talisman Nevada.

22. Another point that the Defendant Talisman Nevada fails to address in its Response in Opposition, and which supports the appropriateness of the timing of the filing of the Motion for Leave to File an Amended Complaint, is the uncontested fact that the Defendant Talisman had utilized the POF Letter (Exhibit C attached to the proposed amended complaint) in its dealings with the Nevada Department of Insurance, and the apparent acceptance of the information contained within the POF Letter by the Nevada Department of Insurance. It was reasonable for the Plaintiff KIS to rely upon the fact that the POF letter was accepted by the Nevada Department of Insurance.

23. Further, the Defendant Talisman Nevada completely ignores the significance of the fact that prior to the time the Plaintiff KIS filed the Motion for Leave to File an Amended Complaint the Defendant Talisman Nevada did not notifiy the Nevada Department of Insurance that the POF Letter was fraudulent or that information provided to the Department of Insurance by the Defendant Talisman Nevada was based upon a fraudulent POF Letter that it had been issued. It is indeed reasonable for the Plaintiff KIS to have relied upon the efficacy of the POF letter based in part upon the Defendant Talisman Nevada's (i) utilization of the POF letter in its dealings with the Nevada Department of Insurance and (ii)  failure to report to the Nevada Department of Insurance that the POF letter was fraudulent.

24. The Plaintiff KIS would also point out that within the Response in Opposition the Defendant Talisman Nevada does not address the matters set forth in paragraphs 23 – 26 of the Motion for Leave to File an Amended Complaint.  At the very minimum, the Plaintiff should be permitted to Voluntarily dismiss the Complaint against the Defendant Talisman Nevada without prejudice.

25. Further, the Defendant Talisman Nevada's assertions set forth in paragraphs 12-17 of the Response in Opposition regarding settlement discussions are irrelevant to the matters at issue with regards to the Motion for Leave to File an Amended Complaint. There never was a settlement between the parties and Exhibits 2 - 5 attached to the Response in Opposition establish that there was not a settlement, but only discussions regarding the terms of a potential settlement.

## **CONCLUSION**

The  Plaintiff KIS SURETY BONDS, LLC, respectfully requests this Honorable Court grant the relief requested by the Plaintiff in the Motion for Leave to File an Amended

Complaint, and enter an order (i) granting the Plaintiff's Motion for Leave to File an Amended Complaint and to Add an Additional Party Defendant, (ii) permitting the Plaintiff to file and serve the proposed Amended Complaint attached to the Motion for Leave to File an Amended Complaint as Exhibit "2," (iii) providing the Defendant TALISMAN Nevada 20 days to file and serve its response to the Amended Complaint, (iv) such other relief as the Court deems just and proper, or, in the alternative, if this Honorable Court does not enter an order granting the relief requested in (i) and (ii) set forth above, enter an order (v) granting the Plaintiff's Motion to Voluntarily Dismiss, without prejudice, the February 7, 2019 Complaint, (vi) dismissing the February 7, 2019 Complaint, without prejudice, and (vii) such other relief as the Court deems just and proper.

**Respectfully submitted,**

Counsel for the Plaintiff
Seiden Law Group, LLC.
150 East Boca Raton Road, Suite B
Boca Raton, Florida 33432
(561) 703-7002
aseiden@seidenlawgroupllc.com

By:       /s/  Andrew Seiden
          Andrew Seiden, Esq.
          Florida Bar No. 373672

DAVID M. BECKERMAN, P.A.
7000 West Palmetto Park Road - Suite 500
Boca Raton, FL 33433
David@beckermanlaw.com
(561) 391-6000 Office

By:     /s/ David M. Beckerman
          David M. Beckerman, Esq.,